**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4221**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

ANDREW JOHNSON, JR.,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:09-cr-00019-WO-1)

———————

Submitted: August 3, 2010          Decided: August 12, 2010

———————

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, John W. Stone, Jr., First Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Johnson, Jr., appeals his 151 month sentence for one count of bank robbery in violation of 18 U.S.C. § 2113(a) (2006). For the reasons that follow, we affirm.

Johnson, who had been recently released from a 17 year federal bank robbery sentence at the time he committed the instant offense, argues on appeal that his sentence was unreasonable and not in accord with 18 U.S.C. § 3553(a) (2006). We disagree.

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court properly calculated the defendant's advisory Guideline range, this court must decide whether the district court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review"). Properly

2

preserved claims of procedural error are subject to harmless error review. Lynn, 592 F.3d at 576.

This court next "consider[s] the substantive reasonableness of the sentence imposed." Gall, 552 U.S. at 51. At this stage, the court "take[s] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. "If the district court decides to impose a sentence outside the Guidelines range, it must ensure that its justification supports 'the degree of the variance.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008) (quoting Gall, 552 U.S. at 51).

Johnson claims that the district court erred in treating him as a "de facto" career offender, and applying the Guidelines range that would apply if the Guidelines considered him a career offender. This court has recently held that a district court may treat a defendant as a de facto career criminal in a factual context similar to Johnson's. See United States v. Myers, 589 F.3d 117, 126 (4th Cir. 2009) (affirming de facto career criminal designation for defendant with multiple past convictions that were not calculated towards criminal history category because they were committed prior to the defendant serving a lengthy prison sentence). Here, Johnson had similarly been released from prison following a lengthy sentence, and as a result, his numerous past convictions were

3

not counted towards his criminal history category.  See U.S. Sentencing Guidelines Manual § 4B1.3(a)(1) (2009).  We find the district court did not err in departing to a career criminal Guidelines range.

Johnson further challenges the sentence as substantively unreasonable because he claims it is more severe than necessary under § 3553(a).  We have reviewed the record, and find that the district court considered Johnson's arguments, offered a thorough explanation for its sentence, and imposed a sentence that, although above the Guidelines, was not unreasonable.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4